IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CRAIG J. CESAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 11-927-GPM |
| | ) |
| **FEDERAL PRISON INDUSTRIES, INC.,** | ) |
| **and FEDERAL BUREAU OF PRISONS,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Cesal, an inmate at FCI Greenville ("Greenville"), brings this action pursuant to the Inmate Accident Compensation Act, 18 U.S.C. § 4126. Plaintiff is serving a life sentence in federal prison. Plaintiff seeks lost-time wages because after a workplace injury, he has been unable to return to his former level of employment and the commensurate higher rate of pay.

In his complaint, Plaintiff explains that he worked as a metal welder for Defendant Federal Prison Industries, Inc. ("FPI"), while a resident at FCI Pekin, from 2007 until his injury. This assignment involved lifting and manipulating 330-pound steel prison doors with another inmate worker. On March 21, 2008, Plaintiff experienced back pain, and was diagnosed with a bulging disk and spinal stenosis. Plaintiff received lost-time wages for approximately four weeks. He returned to work with light duty restrictions, preventing him from lifting anything over twenty pounds, standing for prolonged periods, or climbing ladders, and was reassigned to a different job. He continued in that position while at FCI Pekin, earning outstanding performance reviews.

The events giving rise to this complaint occurred soon after Plaintiff's transfer to FCI Greenville on March 28, 2011. His 2008 injury continued to restrict him to light-duty work, however, no light-duty employment was available in the Greenville Central Maintenance Service ("CMS") Electrical Shop, where Plaintiff was assigned (Doc. 1, p. 2; Doc. 1-1, p. 3-4). Plaintiff was removed from that assignment, but later placed back with CMS again. He was then denied performance pay, because he could not perform any job function. *Id.* Plaintiff sought review of his CMS placement and applied for lost-time wages. The prison doctor ordered Plaintiff to be removed from CMS, but he was again assigned there on July 1, 2011 (Doc. 1-1, p. 4). The safety officer ordered Plaintiff to "loiter" at CMS without pay, but when the doctor then ordered Plaintiff not to work at CMS, he did not return. *Id.* Plaintiff was then sanctioned both for being absent from his work assignment, and for previously reporting to CMS without pay. *Id.*

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has, at this stage, articulated a colorable federal cause of action under the Inmate Accident Compensation Act.

Plaintiff points to 28 C.F.R. § 301.204(b) as support for his claim, which states that "[l]ost-time wages are paid until a light duty or regular work assignment at the same pay rate as the inmate's pre-injury work assignment is available." However, 28 CFR § 301.204(a)(2) stipulates that inmates are eligible for lost-time wages until "transferred to another institution for reasons unrelated to the work injury." Taking Plaintiff's petition and memorandum of law as a whole, the reason for Plaintiff's transfer to Greenville, and whether the transfer was related to the work injury, is unclear. The petition indicates that officials transferred Plaintiff after he was caught reading and copying case law regarding procedures for bringing lawsuits against BOP officials (Doc. 1, p. 2), implying that

the transfer occurred in retaliation for this activity. However, his memorandum of law states instead that he was moved to Greenville as a protective measure after becoming involved in a federal investigation into Federal Bureau of Prisons staff misconduct (Doc. 1-1, p. 3). This Court is unable to determine at this stage whether Plaintiff's transfer was related to his work injury, and thus whether Plaintiff is entitled to lost-time wages while incarcerated at Greenville. Accordingly, the claim shall receive further review.

**Disposition**

As to service of process on Defendants **FEDERAL PRISON INDUSTRIES, INC.** and the **FEDERAL BUREAU OF PRISONS,** the Court recognizes that because Plaintiff is incarcerated, he may have difficulty effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m).[11] Plaintiff has not sought or been granted leave to proceed *in forma pauperis* in this action, therefore, the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants. However, if Plaintiff desires to request the appointment of the United States Marshal to serve process on the Defendants, Plaintiff shall file a motion for service of process at government expense, within 21 days of the date of entry of this order (**on or before September 18, 2012**). The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

If Plaintiff does not timely file a motion for service of process at government expense, it shall

---

[11] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

be Plaintiff's responsibility to have Defendants **FEDERAL PRISON INDUSTRIES, INC.** and the **FEDERAL BUREAU OF PRISONS** served with a summons and copy of the complaint pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that only a non-party may serve a summons. FED. R. CIV. P. 4(c)(2).

If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court shall prepare a summons and copies of the complaint and this Memorandum and Order for each Defendant, and shall forward the same to the United States Marshal for service. If Plaintiff does not file a motion for service of process at government expense within 21 days as ordered, the Clerk shall then prepare a summons for each Defendant, and shall forward the summonses and sufficient copies of the complaint and this Memorandum and Order to Plaintiff so that he may have Defendants served.

Plaintiff is **ORDERED** to serve upon Defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for effecting service of process. Any documentation of the address

shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 28, 2012

                                                     s/ *G. Patrick Murphy*
                                                     G. PATRICK MURPHY
                                                     United States District Judge