IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CRAIG J. CESAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 11-927-GPM |
| | ) |
| **FEDERAL PRISON INDUSTRIES, INC.,** | ) |
| **and FEDERAL BUREAU OF PRISONS,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendants' motion to dismiss or in the alternative for summary judgment (Doc. 24) and Plaintiff's motion for summary judgment (Doc. 28). The Court has reviewed these motions but finds on further review of the record that Plaintiff fails to state a claim upon which relief could be granted−on a basis not argued by Defendants. The suit is thus **DISMISSED**.

When Plaintiff Craig J. Cesal was an inmate at FCI Pekin ("Pekin"), he worked until he was injured as a metal welder for Defendant Federal Prison Industries, Inc. from 2007, until his injury. Plaintiff's work assignment involved lifting and manipulating 330–pound steel prison doors. He was injured from that work with a diagnosis of a bulging disk and spinal stenosis. Plaintiff received lost-time wages for approximately four weeks and then returned to work light-duty with restrictions that prevented him from lifting over twenty pounds, standing for prolonged periods, and climbing ladders. He continued in this position at Pekin and earned

outstanding performance reviews. Upon Plaintiff's inmate transfer to FCI Greenville ("Greenville") on March 28, 2011, and subsequent assignment to the Central Maintenance Services Electrical Shop, no light-duty position was available (Doc. 1, p. 2; Doc. 1-1, p. 3-4). As a result, Plaintiff received no wages. He sought lost-time wages at Greenville, but that request was denied. Plaintiff filed this case pursuant to the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c), alleging he is entitled to lost-time wages of $158.42 per month from May 1, 2011 through July, 5, 2012 (Doc. 1).[1]

In the pending motion to dismiss/for summary judgment, Defendants argue they are entitled to dismissal because the IACA does not provide a federal cause of action; the United States has not waived sovereign immunity for actions under the IACA; and Plaintiff has no statutory or constitutional right to an assignment at UNICOR (a government corporation within the Bureau of Prisons that provides industrial work programs for federal inmates). In the alternative, Defendants assert that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. Plaintiff filed a brief in opposition to Defendants' motion (Doc. 3) stating that Federal Prison Industries, Inc. is not entitled to sovereign immunity, and that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1391. Plaintiff's motion for summary judgment asserts that he is entitled to payment under 18 U.S.C. § 4126(c).

## I. Standard of Review

On a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See* Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A plaintiff need not set out all

---

[1] On December 6, 2012, Plaintiff filed a supplement to his complaint (Doc. 23) stating that he started work on July 5, 2012 and that current medical examinations reveal that his back condition is debilitating and worsening over time (*See* Doc. 21).

relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. See Fed. R. Civ. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Bearing note is the fact that a Rule 12(b)(6) dismissal motion "must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman,* 600 F.3d 726, 733 (7th Cir. 2010), *citing* Fed. R. Civ .P. 10(c) and *Segal v. Geisha NYC LLC,* 517 F.3d 501, 504–05 (7th Cir. 2008). If, on a Rule 12(b)(6) motion, matters *outside* the pleadings are presented to (and not excluded by) the court, the motion must be treated as a Rule 56 motion for summary judgment. *General Insurance Co. of America v. Clark Mall Corp.,* 644 F.3d 375, 378 (7th Cir. 2011); Fed. R. Civ. P. 12(d).   Of course, documents attached to the complaint and central to the claims are considered as part of the complaint itself and properly considered. *See Arnett v. Webster,* 658 F.3d 742, 746 (7th Cir. 2011). *Accord Citadel Group, Ltd. v. Washington* Regional Medical Center, 692 F.3d 580, 591 (7th Cir. 2012) (In deciding a 12(b)(6) motion, courts "may consider documents attached to or referenced in the pleading if they are central to the claim.").

## II.   Inmate Accident Compensation Act ("IACA")

The IACA and the regulations promulgated thereunder provide accident compensation to federal prison inmates who suffer work-related injuries.   18 U.S.C. § 4126; 28 C.F.R. § 301.101,

*et seq.* The United States Court of Appeals for the Seventh Circuit has explained that the IACA permits Federal Prisons Industries, Inc. to compensate prisoners for their work-related injuries. *Bagola v. Kindt,* 131 F.3d 632, 634 (7th Cir. 1997). Two types of compensation are available under the IACA for a federal inmate who suffers a work-related injury or improper medical treatment of a work-related injury: (1) compensation available when the inmate is ready to be released from prison and reenter the workforce; and (2) compensation providing the inmate with actual lost wages while his injury prevents him from doing his prison work assignment. 28 C.F.R. §§ 301.101(a)-(b), 301.201-.205, 301.301–.319. ("Lost-time wages may be awarded to inmates assigned to Federal Prison Industries, Inc., . . . for work-related injuries resulting in time lost from the work assignment.") Once injury claims are approved by the Institute Safety Committee, the inmate receives lost-time wages **until** the inmate: (1) is released; (2) **is transferred to another institution for reasons unrelated to the work injury**; (3) returns to the pre-injury work assignment; (4) is reassigned to another work area or program for reasons unrelated to the sustained work injury, or is places into Disciplinary Segregation; or (5) refuses to return to a regular or lighter duty work assignment. 28 C.F.R. §§ 301.202-.204 (emphasis added).

Here, Plaintiff points to 28 C.F.R. § 301.204(b) in support of his claim. That regulation states that "[l]osttime wages are paid until a light duty or regular work assignment at the same pay rate as the inmate's pre-injury work assignment is available." However, 28 CFR § 301.204(a)(2)-(3) stipulates that inmates are only eligible for lost-time wages until either "transferred to another institution for reasons unrelated to the work injury" or "reassigned to another work area or program for reasons unrelated to the sustained work injury." Plaintiff's memorandum of law states that he was moved to Greenville as a protective measure after

becoming involved in a federal investigation into Federal Bureau of Prisons staff misconduct (Doc. 1–1, p. 3). This fails to state a valid claim under the IACA. Plaintiff's transfer and ultimate reassignment at Greenville was unrelated to Plaintiff's work injury that he sustained at Pekin. Plaintiff's transfer was taken as a protective measure, and no light-duty position was available at Greenville's Central Maintenance Services Electrical Shop. Accordingly, under 28 CFR § 301.204(a)(2)-(3) he is not entitled to lost-time wages while incarcerated at Greenville.

III. **Conclusion**

Plaintiff's claim cannot, under the applicable statute, state any actionable claim for relief. The case is thus **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

**DATED**: September 27, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge